Opinion issued January 11, 2007













In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01156-CR




LORETTA VERNEGE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1044272




MEMORANDUM OPINION
          A jury convicted appellant, Loretta Vernege, of felony murder and assessed
punishment at life in prison. On appeal, appellant complains that her right to due
process was violated by the 10-year pre-indictment delay and challenges the legal and
factual sufficiency of the evidence to support her conviction. We affirm.
                                                    BACKGROUND
          On March 7, 1994, 18-month-old Jasmine Buice arrived at Hermann Hospital
via Life Flight helicopter. She was unconscious and had bruises all over her body,
her teeth had been knocked into the top of her mouth, and there was a hand-print on
her upper left thigh. She had multiple skull fractures and her left pupil was dilated
and fixed—an indication of brain injury. A CAT scan revealed both acute and
chronic subdural hematomas, and a neurosurgeon performed a craniotomy to remove
the clotted blood.
            Appellant, Jasmine’s mother, told the Children’s Protective Service (CPS)
caseworker and the detective on the case that Jasmine injured herself by slipping and
falling in the bathtub. Appellant was alone with Jasmine when the accident occurred,
and she did not take her to the hospital immediately. Approximately one hour later,
appellant’s boyfriend, Charles Mixon, arrived home, and he and appellant took
Jasmine to Bay Coast Hospital (Bay Coast). According to appellant, the staff at Bay
Coast examined Jasmine and was going to release her to appellant, but Mixon asked
for further testing. As a result of the tests, Jasmine was transferred to Hermann
Hospital (Hermann).
          Detective M. Curry of the Baytown Police Department was assigned to
investigate Jasmine’s case. Curry testified that he met with the appellant twice and
took pictures of the bathroom and apartment, ordered the medical records from Bay
Coast, and talked to CPS. However, during the investigation, he was reassigned to
a different department and he never finished the investigation, and the case remained
classified as “general information.” A grand jury heard testimony in 1994 but no
indictment resulted.
          In 2004, Detective S.Vice was assigned to light duty after suffering a back
injury. While reviewing old CPS cases, he discovered that Jasmine’s case had never
been concluded. A. Kraft with the Baytown Police Department was then assigned to
resume the investigation. A second grand jury indicted appellant for the offense of
felony murder. She pleaded not guilty and the case was tried to a jury. 
          At trial, Dr. Laura Molina, a pediatrician, testified that she was the supervising
resident on duty when Jasmine was brought to Hermann. She testified that Jasmine’s
injuries were not consistent with a fall in a bathtub, but were consistent with a car
wreck, or a fall from a great height, or with taking a child by the legs and slamming
the child against a hard object, or with a very hard punch to the child’s mouth. She
testified that Jasmine had a mouth injury with broken and displaced teeth and two
skull fractures, one on the right side and one toward the back of the skull. Jasmine
also had multiple bruises on her body, but Molina testified that the head injuries were
the most serious. 
DISCUSSION
1.       Due Process
          In appellant’s first point of error, she contends that her due process rights were
violated because of the 10-year, pre-indictment delay. To preserve error for appellate
review, the complaining party must make a specific objection and obtain an adverse
ruling on the objection. Tex. R. App. P. 33.1; Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002). The point of error on appeal must comport with the
objection made at trial. Wilson, 71 S.W.3d at 349. Even constitutional errors may be
waived by the failure to object at trial. Briggs v. State, 789 S.W.2d 918, 924 (Tex.
Crim. App. 1990). 
          In the instant case, the appellant did not preserve her due process complaint. 
Appellant filed a written motion for speedy trial. During the hearing on appellant’s
pretrial motions, appellant argued that the 10-year delay violated her right to a speedy
trial, and the following exchange ensued: 
The Court:It didn’t get indicted until - - -
 
[Counsel]:2004. 
 
The Court:So, it went to the jury in 1994 [and] there was no true
bill . . . no action.
 
[Counsel]:And that’s what I’m saying, that they had all they
need back in 1994. . . .
The defendant has been put at a severe disadvantage . . . . And I
think because of that, we’re not getting due process. . . .
 
The Court:. . . . I don’t think the law entitles you to a speedy
indictment. 
 
[Counsel]:Well, it’s not the indictment. 
 
The Court:Speedy investigation.
 
[Counsel]:But speedy trial. 

Thus, counsel made it clear that his objection was to the violation of the right to a
speedy trial, not to the delay in bringing the indictment. Appellant has waived his
due process complaint. 
2.       Sufficiency of the Evidence
          In her second and third points of error, appellant contends that the evidence
was legally and factually insufficient to support her conviction for murder because
the State had no evidence that the appellant caused the injuries that resulted in
Jasmine’s death. 
          A.      Standard of Review
          When conducting a legal sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
          When conducting a factual sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set aside the verdict only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or the verdict is against the great weight and preponderance of
the evidence. Johnson v. State, 23 S.W. 3d 1, 11 (Tex. Crim. App. 2000). We cannot
conclude that a conviction is “clearly wrong” or “manifestly unjust” simply because,
on the quantum of evidence admitted, we would have voted to acquit had we been on
the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Moreover,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury’s resolution of that conflict. Id. Before finding that the
evidence is factually insufficient to support a verdict, we must be able to say, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury’s verdict. Id. 
          The fact-finder alone determines what weight to place on contradictory
testimonial evidence because that determination depends on the fact-finder’s
evaluation of credibility and demeanor. Cain, 958 S.W.2d at 408–09. As the
determiner of the credibility of the witnesses, the fact-finder may choose to believe
all, some, or none of the testimony presented. Id. at 407 n.5. In conducting a factual-sufficiency review, we must also discuss the evidence that, according to the appellant,
most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003). 
          The standard of review for circumstantial evidence is the same as for direct
evidence. King, 29 S.W.3d at 565.
          B.      Legal Sufficiency
          Appellant was charged with felony murder. A person commits felony murder
if he “commits or attempts to commit a felony, other than manslaughter, and in the
course of and in furtherance of the commission or attempt, or in immediate flight
from the commission or attempt, he commits or attempts to commit an act clearly
dangerous to human life that causes the death of an individual.” See Tex. Pen. Code
Ann. § 19.02(b)(3) (Vernon 2003). Appellant argues that the evidence is legally
insufficient because the State had no evidence that the appellant caused the injuries
to Jasmine’s head. 
          Appellant compares the present case with the facts in Flores v. State, 102
S.W.3d 328 (Tex. App.—Eastland 2003, pet. ref’d), in which a child died as a result
of blunt impact injuries to the head and Flores was found guilty of causing the child’s
death. Appellant argues that, although like Flores she was alone with the child when
the injury occurred, she did not try to prevent others from seeing her child as Flores
did, but, instead, showed Jasmine to Mixon. 
          This single distinction does not make the evidence legally insufficient to
support appellant’s conviction. Jasmine’s severe head injuries, the fact that appellant
was alone with her at the time of injury, and the Molina’s testimony that a fall in a
bathtub could not have produced such injuries is legally sufficient to support
appellant’s conviction. We conclude that based upon the evidence presented at trial,
a rational jury could have found beyond a reasonable doubt that appellant intended
to cause serious bodily injury to the child and committed an act clearly dangerous to
the child’s life which caused the death of the child. 
          Accordingly, we overrule appellant’s second issue. 
          C.      Factual Sufficiency
          In her argument that the evidence is factually insufficient to support her
conviction, appellant refers us to Vodochodsky v. State, 158 S.W.3d 502 (Tex. Crim.
App. 2005). Appellant admits that the facts of Vodochodsky are “glaringly different”
from the present case, but argues that the analysis is “persuasive.” In Vodochodsky,
the Court of Criminal Appeals concluded that proof of guilt was weak and “was
factually insufficient to convict.” Id. at 510–11. 
          Appellant relies on the fact that the medical records from Bay Coast, where
Jasmine was first treated, have been lost. However, there are several hundred pages
of medical records from Hermann that document the nature and extent of Jasmine’s
injuries and the description by appellant of the occurrence. These records also
support Molina’s testimony that Jasmine’s injuries could not have been sustained by
a fall in a bathtub. We conclude that the absence of medical records from Bay Coast
does not make the evidence so weak as to undermine confidence in the verdict. 
          Appellant suggests that the child could have sustained the deadly blow to the
head by something that happened to the child at Bay Coast since there are no records
to indicate her condition when she arrived at that hospital. The jury is the judge of
the credibility of the evidence, and it was free to believe or to disbelieve any of the
evidence presented, including appellant’s suggestion that the child could have
sustained the deadly blows at the hospital. In the instant case, the jury, after hearing
all the evidence, chose to disbelieve appellant’s theory. 
          We overrule appellant’s third issue.
CONCLUSION
          We affirm the judgment.
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b). 

Justice Jennings, concurring without opinion.